Filed 11/10/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| ALEYAMMA JOHN, | B256604 |
| Petitioner, | (Super. Ct. No. BV030258) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| SYLVIA CHAN, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS in mandate.  Patti Jo McKay, Judge.  Petition granted.

Aleyamma John, in pro. per., for Petitioner.

No appearance for Respondent.

Zakari Law and Raymond Zakari for Real Party in Interest.

_____

The vexatious litigant statutes (Code Civ. Proc., §§ 391-391.7)[1] authorize a court to enter a prefiling order that prohibits a self-represented party who has previously been declared a vexatious litigant from "filing any new litigation in the courts of this state" without first obtaining permission from the presiding justice or presiding judge of the court where the litigation is proposed to be filed. (§ 391.7, subd. (a).) "[I]f any new litigation is inadvertently permitted to be filed in propria persona without the presiding judge's permission, [the adverse party] may then obtain its dismissal." (*Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1171; see § 391.7, subd. (c).)

In 2011 the Legislature amended section 391.7 to provide expressly that a presiding justice, as well as a presiding judge, is authorized to permit the filing of new litigation by a vexatious litigant subject to a prefiling order. (Stats. 2011, ch. 49, § 1.) The Legislature thus confirmed prior Court of Appeal decisions that had held vexatious litigants subject to a prefiling order must seek permission to file not only new civil actions in the trial court but also certain proceedings in the appellate courts.

Section 391.7's requirement for obtaining leave to file unquestionably applies to an appeal by a self-represented *plaintiff* who has previously been declared a vexatious litigant and made subject to a prefiling order. Does it similarly apply to a vexatious litigant *defendant's* appeal from an adverse judgment? The Appellate Division of the Los Angeles Superior Court ruled it did and ordered petitioner Aleyamma John to obtain approval before continuing with her two related appeals from the judgment in favor of her landlord in an unlawful detainer action. After reviewing John's request to file new litigation by a vexatious litigant and finding she had failed to demonstrate the appeals had merit and were not filed for the purpose of harassment or delay, the appellate division dismissed the appeals.

Because it disregards section 391.7's express reference to actions by a plaintiff and would impede a self-represented defendant's right of access to the appellate courts without significantly advancing the underlying purpose of the vexatious litigant statutes,

---

[1] Statutory references are to the Code of Civil Procedure.

2

we reject this construction of section 391.7.  Accordingly, we grant John's petition for a writ of mandate and order the appellate division of the superior court to vacate its order dismissing John's appeals and to decide the appeals on the merits.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *The Unlawful Detainer Action and John's Appeals*

John began renting a one-bedroom apartment in Alhambra in December 2008.  On September 8, 2011 real party in interest Sylvia Chan dba STC Realty, as agent for the owners of the apartment building, served a 60-day notice to quit based on John's failure to comply with her obligations as a tenant, "primarily your obligation to pay the rent."

Chan initiated an unlawful detainer action in November 2011.  (*Chan v. John*, Super. Ct. L.A., No. ALH11U00946.)  John represented herself in the lawsuit until shortly before the jury trial began in April 2012.  John's defense was apparently based, at least in part, on the contention the owner had improperly attempted to increase her rent and she had paid all rent lawfully due.  The jury returned a verdict in favor of Chan. John's retained counsel substituted out of the case several days later, and John resumed representing herself.  A writ of possession issued in May 2012; John vacated the premises after receiving notice from the Sheriff's Department concerning enforcement of the writ. In postjudgment proceedings in July 2012 Chan was awarded attorney fees of approximately $40,000.

Still representing herself, John filed two notices of appeal from the unlawful detainer action to the appellate division of the superior court—the first, filed on June 7, 2012, was from the underlying judgment in the action; the second, filed on July 17, 2012, from the attorney fee award.  The two appeals were consolidated in the appellate division under case number BV030258.

2. *The Prefiling Order from Division Three of this Court*

On March 8, 2012 on its own motion in *John v. Riegel Property Management, Inc.,* B236441, Division Three of this court issued an order to show cause whether John, the plaintiff and appellant in that case, should be declared a vexatious litigant and a

3

prefiling order entered against her pursuant to section 391.7, subdivision (a).  The court also stated it would entertain a motion by respondents for an order requiring John to furnish security pursuant to section 391.1.  John was given an opportunity to brief the issues and present oral argument.

On April 18, 2012 Division Three declared John a vexatious litigant after taking judicial notice of state court records that, according to the court, "reflect that in the preceding seven years, [John] has prosecuted in propria persona at least five litigations which have been finally determined adversely to her."  The court expressly noted "the appellate proceedings by John arose out of trial court proceedings in which John was a plaintiff, not a defendant."  The court entered a prefiling order prohibiting John from filing any new litigation in California courts in propria persona without first obtaining leave of the presiding justice or presiding judge of the court where the litigation was proposed to be filed; directed the clerk of the court to provide the Judicial Council with a copy of the prefiling order; and, because the court found there was no reasonable probability she would prevail on her appeal, ordered John to furnish security in the sum of $10,000 within 30 days as a condition to proceeding with her appeal.[2]  (See *In re R.H.* (2009) 170 Cal.App.4th 678, 691 (*R.H.*) [appellate court may declare appellant a vexatious litigant]; *In re Whitaker* (1992) 6 Cal.App.4th 54, 57 [same].)

3. *The Appellate Division's Order Dismissing the Appeals*

On May 1, 2014, after briefing had been completed in the *Chan v. John* appeals, Appellate Division Presiding Judge Patti Jo McKay stayed all further proceedings in the case, observing that John was a vexatious litigant subject to a prefiling order based on Division Three's April 18, 2012 findings and order, and directed John within 10 days to obtain permission to continue her appeals from the presiding judge of the appellate division or, in the alternative, to file a substitution of attorney naming a member of the California State Bar as her attorney of record.

---

[2]     On May 21, 2012 the court dismissed John's appeal because she had failed to comply with the order requiring her to furnish security.

4

On May 6, 2014 John submitted a request to file new litigation by a vexatious litigant, using Judicial Council's form MC-701, and an application for an order to vacate the prefiling order and to remove her name from the Judicial Council vexatious litigant list, using Judicial Council form MC-703. On May 12, 2014 the court denied the motion for a prefiling order on the ground John had failed to demonstrate her appeals had merit and were not filed for the purposes of harassment or delay and stated it lacked jurisdiction to rule on the application to vacate the prefiling order. (Pursuant to section 391.8, subdivision (a), such an application must be filed "in the court that entered the prefiling order.") Based on its rulings, the court dismissed the appeals filed June 7, 2012 and July 17, 2012.

4. *The Writ Proceedings*

On May 30, 2014 John petitioned this court for a writ of mandate directing the appellate division of the superior court to vacate its order dismissing her appeals in case number BV030258 and to decide the appeals on the merits. On June 4, 2014 we invited respondent superior court and real party Chan to file opposition to John's petition, citing *Mahdavi v. Superior Court* (2008) 166 Cal.App.4th 32, 40-42 (*Mahdavi*), which held a defendant who has been declared a vexatious litigant in a prior proceeding is not obligated to obtain leave of the presiding judge or justice prior to filing an appeal of a judgment against him or her. The superior court declined our invitation but submitted a letter with case authority "that may be contrary to the cited case."[3] Counsel for real party Chan filed a letter brief opposing the petition.

---

[3] The superior court letter cited *In re Kinney* (2011) 201 Cal.App.4th 951, *R.H.*, *supra,* 170 Cal.App.4th 678, and *McColm v. Westwood Park Assn.* (1998) 62 Cal.App.4th 1211, 1215. The issue in *In re Kinney* and *R.H.* was whether unsuccessful appeals were properly considered in determining whether an individual was a vexatious litigant under section 391, subdivision (b)(1), not whether leave to file an appeal was required. The court in *McColm*, the sole authority cited by the appellate division in the case at bar, held a self-represented plaintiff who had previously been declared a vexatious litigant and made subject to a prefiling order was required to obtain permission to appeal an adverse decision from the trial court.

5

On June 25, 2014 we issued an order to show cause why the relief requested by John should not be granted. On July 16, 2014 Chan filed her written return to the petition, and on August 5, 2014 John filed her reply. Oral argument was heard on October 30, 2014.

## DISCUSSION

1. *Standard of Review; Principles of Statutory Interpretation*

Whether section 391.7's requirement for obtaining leave to file applies to an appeal by a self-represented defendant who has previously been declared a vexatious litigant and made subject to a prefiling order presents a question of statutory construction. Our review is de novo. (*Ceja v. Rudolph & Sletten, Inc*. (2013) 56 Cal.4th 1113, 1119; *Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 527.)

The governing principles of statutory interpretation are both well established and familiar: "Our primary task in interpreting a statute is to determine the Legislature's intent, giving effect to the law's purpose. [Citation.] We consider first the words of a statute, as the most reliable indicator of legislative intent. [Citation.] ""'Words must be construed in context, and statutes must be harmonized, both internally and with each other, to the extent possible.' [Citation.] Interpretations that lead to absurd results or render words surplusage are to be avoided."'" (*Tuolumne Jobs & Small Business Alliance v. Superior Court* (2014) 59 Cal.4th 1029, 1037; accord, *In re D.B.* (2014) 58 Cal.4th 941, 945-946 ["we 'will not give statutory language a literal meaning if doing so would result in absurd consequences that the Legislature could not have intended'"].)

To the extent the statutory language is ambiguous, "we may resort to extrinsic sources, including the ostensible objects to be achieved and the legislative history." (*Day v. City of Fontana* (2001) 25 Cal.4th 268, 272; see *Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1103-1105.) "If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy." (*Coalition of Concerned Communities, Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 737; accord, *Imperial Merchant*

6

*Services, Inc. v. Hunt* (2009) 47 Cal.4th 381, 388.) Additionally, courts must endeavor to construe an ambiguous statute in a manner that avoids any doubt concerning its validity. (*Steen v. Appellate Division, Superior Court of Los Angeles County* (2014) 59 Cal.4th 1045, 1054; *Young v. Haines* (1986) 41 Cal.3d 883, 898.)

2. *California's Vexatious Litigant Statutes and Their Application to Appellate Proceedings*

Section 391, subdivision (b), identifies four general situations in which a litigant may be deemed vexatious, including under subdivision (b)(1)—the provision upon which Division Three relied in finding John a vexatious litigant—a person who "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in small claims court that have been . . . finally determined adversely to the person . . . ."[4] "Litigation" for purposes of the vexatious litigant statues is broadly defined to mean "any civil action or proceeding, commenced, maintained or pending in any state or federal court." (§ 391, subd. (a).)

Section 391.7, subdivision (a), authorizes a court to enter a prefiling order that prohibits a self-represented vexatious litigant from filing any new "litigation" without

---

[4] Section 391, subdivision (b)'s full definition of "vexatious litigant" includes "a person who does any of the following: [¶] (1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing. [¶] (2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined. [¶] (3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay. [¶] (4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence."

7

first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed. (See *Shalant v. Girardi, supra,* 51 Cal.4th at p. 1171; *Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 221 [§ 391.7 "'operates beyond the pending case' and authorizes a court to enter a 'prefiling order' that prohibits a vexatious litigant from filing any new litigation in propria persona without first obtaining permission from the presiding judge"].) Permission to file may be granted only if it appears the new litigation has merit and has not been filed for the purposes of harassment or delay. (§ 391.7, subd. (b).) The filing of the lawsuit, if permitted, may be conditioned on posting of security for the benefit of the defendant. (*Ibid.*) If new litigation is mistakenly filed by a self-represented vexatious litigant without the permission of the presiding justice or judge, the adverse party may obtain its dismissal under a procedure described in section 391.7, subdivision (c).

The term "litigation" in the vexatious litigant statutes has generally been held to include appeals and certain writ proceedings. (See, e.g., *In re Kinney* (2011) 201 Cal.App.4th 951, 958 ["The vexatious litigant statutes do not apply solely to the trial courts. Each writ petition and appeal constitutes 'litigation.'"]; *McColm v. Westwood Park Assn.* (1998) 62 Cal.App.4th 1211, 1216, 1219 (*McColm*) ["[m]anifestly, 'any civil action or proceeding' includes any appeal or writ proceeding"; "'[l]itigation' for purposes of vexatious litigant requirements . . . includes proceedings initiated in the Courts of Appeal by notice of appeal or by writ petitions other than habeas corpus or other criminal matters"]; see also *Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1171-1172 [although a writ petition generally qualifies as a litigation within the meaning of § 391, subd. (a), summary denials of writ petitions do not necessarily constitute a litigation that has been finally determined adversely to the person within the meaning of § 391, subd. (b)(1)].) Addressing the repeated references in the vexatious litigant statutes to plaintiffs and defendants, *McColm* held the use of those terms did not mean sections 391.1 through 391.7 applied only in the trial courts. Paraphrasing the definition of plaintiff in section 391, subdivision (d), the court stated, "An appellant or writ petitioner certainly

8

commences, institutes or attempts to maintain the litigation in this court." (*McColm*, at p. 1217.)

The applicability of a prefiling order's requirement for leave to file new litigation to at least some matters in the Courts of Appeal was confirmed by the 2011 amendment to section 391.7 (Stats. 2011, ch. 49, § 1). As explained by the Assembly Judiciary Committee, "According to the Judicial Council [which sponsored the legislation], courts have held that the vexatious litigant statutes also apply in the appellate courts, but this has not been codified. . . . This bill would clarify that the vexatious litigant statute applies to matters in the Courts of Appeal, as well as the trial courts . . . ." (Assem. Com. on Judiciary, Rep. on Sen. Bill No. 731 (2011-2012 Reg. Sess.), as amended March 29, 2011, p. 6; see Sen. Com. on Judiciary, Rep. on Sen. Bill No. 731 (2011-2012 Reg. Sess.), as introduced, p. 6 ["The Judicial Council notes that it is the practice of the courts to apply the vexatious litigant statute in the Courts of Appeal, even though the current statutory scheme does not include the term 'justice' which would indicate the statute is applicable to the Courts of Appeal. This bill would add the term 'justice' to clarify that the statute does apply in the Courts of Appeal. Adding the proper terminology will make the statue consistent with case law."].)

Notwithstanding the broad sweep of the term "litigation" as defined by section 391, subdivision (a), and case law applying section 391.7 to certain appellate proceedings, the Court of Appeal in *Mahdavi, supra,* 166 Cal.App.4th 32 held a person who has been determined to be a vexatious litigant in prior litigation cannot be required to seek leave of court before filing an appeal in a case in which he or she was the defendant. (*Id*. at p. 37.) The court explained, "A defendant who appeals an adverse ruling is not filing 'new' litigation or 'maintaining' litigation, but rather, is attempting to 'undo' the results of litigation that has been instituted against him or her. We recognize that in *McColm, supra*, 62 Cal.App.4th at page 1220, the court used broad language in concluding that 'new litigation' as used in subdivision (a) of section 391.7, includes the filing of an appeal by a vexatious litigant. However, we conclude that *McColm* should be

9

read narrowly as holding that a prefiling order applies to prohibit a vexatious litigant plaintiff from appealing rulings of the trial court without first seeking leave of the appropriate appellate court." (*Mahdavi*, at p. 41.)  Although agreeing with *McColm*'s holding, the *Mahdavi* court concluded the purpose of section 391.7 would not be served by imposing its limitations on a defendant, even though that individual had previously brought frivolous claims against others.  (*Id.* at p. 42.)

The *Mahdavi* court reinforced its interpretation of section 391.7 by examining the definition and use of the terms "plaintiff" and "defendant" in the vexatious litigant statutes, which in its view (and contrary to the analysis in *McColm*) confirmed that a plaintiff under the statutes is the party who has filed a complaint—"the party who is prosecuting claims against another party." (*Mahdavi*, *supra,* 166 Cal.App.4th at p. 40.) Sections 391.1 through 391.6 all address the rights of a defendant to require the posting of security by a vexatious litigant plaintiff.  Even section 391.7, subdivision (b), one of the prefiling order provisions, echoes this language, authorizing a presiding judge to allow the filing of a new lawsuit but to condition the filing upon the furnishing of security "'for the benefit of the *defendants*.'" (*Mahdavi*, at p. 40.)  The *Mahdavi* court also found support in the language of *McColm* itself for its distinction between a plaintiff who seeks to maintain litigation by filing an appeal or petition for a writ and a defendant who seeks to defend himself or herself in an action by filing an appeal:  In discussing the process for deciding whether to grant permission to file the appeal, the *McColm* court stated consideration should be given to "whether the litigant has demonstrated improper reasons for bringing the original litigation or for taking it to the next court level" (*McColm, supra*, 62 Cal.App.4th at p. 1217)—language, according to the *Mahdavi* court, that presumed the prefiling requirement would be applied to a vexatious litigant who had initiated the underlying litigation and was then attempting to appeal an adverse ruling. (*Mahdavi,* at p. 42.)

The underlying facts and the legal issue in *R.H., supra*, 170 Cal.App.4th 678—one of the cases identified by the superior court in its letter noting possible contrary case

10

authority—were quite different, as the *R.H.* court itself observed. (*Id*. at p. 694.) The question in *R.H.* was not whether a vexatious litigant must seek leave of court before filing an appeal in a case in which he or she was the defendant, as in *Mahdavi*, but whether a father's many unsuccessful appeals and writ petitions in dependency proceedings involving his child, which he had not initiated, were the proper basis for declaring him a vexatious litigant—that is, does a failed appeal count as a "litigation" "finally determined adversely to the person" under those circumstances for purposes of finding the individual a vexatious litigant? *R.H.* held it did. Although questioning whether *Mahdavi* was even relevant to the issue before it, the *R.H.* court nonetheless disagreed with *Mahdavi*'s basic analysis: "In our view, *Mahdavi* took too narrow a view of the vexatious litigant law and its purpose. . . . [¶] . . . [¶] . . . [W]e take a broader view of the vexatious litigant law's, and especially section 391.7's purpose. It is one which also seeks to protect the court system and its resources as well as other litigants [citations] while at the same time providing a workable means by which a vexatious litigant may proceed with the litigation." (*R.H.,* at pp. 695-696; see also *id.* at p. 703 ["the vexatious litigant law exists not only to help defendants but to curb misuse of the court system, unreasonably burdened by obsessive litigants pursing groundless litigation"].) *R.H.* also challenged *Mahdavi's* reliance on the use of "plaintiff" and "defendant" in the security portions of the vexatious litigant statutes, emphasizing that section 391.7, a distinct remedy, authorizes "any party" to move for a prefiling order, which, once issued, applies to the filing of "any litigation presented by a vexatious litigant subject to a prefiling order," not simply proceedings commenced by a "plaintiff." (See *R.H.*, at p. 690.)

3. *Section 391.7's Prefiling Order Requirements Do Not Apply to a Self-represented Defendant Appealing from an Adverse Judgment*

If one adopts the expansive reading found in the *R.H.* dicta, section 391.7 requires a self-represented defendant subject to a prefiling order to obtain permission to file an appeal; leave to file an appeal is not required under the narrower interpretation of the provision articulated in *Mahdavi*'s holding. Based on the language actually used in the

11

vexatious litigant statutes, the legislative history of section 391.7, and precedent from the analogous context of malicious prosecution, we believe *Mahdavi*'s narrower construction is correct.

> a. *The language and legislative history of section 391.7 support a construction that does not include self-represented defendants in prefiling requirements*

Section 391.7 and its prefiling order provisions were not originally part of the vexatious litigant statutes:  Sections 391 to 391.6 were enacted in 1963 (Stats. 1963, ch. 1471, § 1, pp. 3038-3039); section 391.7 was added in 1990 (Stats. 1990, ch. 621, § 3, pp. 3072-3073).  (See *Shalant v. Girardi, supra*, 51 Cal.4th at p. 1169; *Bravo v. Ismaj, supra*, 99 Cal.App.4th at p. 221.)  Reviewing the legislative history of section 391.7 in *Shalant*, the Supreme Court concluded it showed "a clear focus on precluding vexatious litigants from filing in propria persona unmeritorious new 'actions' or 'lawsuits.' . . .  The additional remedy provided by section 391.7 was . . . 'directed at precluding the *initiation* of a meritless lawsuit and the costs associated with defending such litigation.'"  (*Shalant*, at p. 1175, italics added by Supreme Court.)  In a footnote the Court further explained the legislation that enacted section 391.7 had been proposed by the California Attorney General's Office, which stated it "'spends substantial amounts of time defending unmeritorious *lawsuits* brought by vexatious litigants.'"  (*Shalant*, at p. 1175, fn. 7, italics added by Supreme Court.)  The Supreme Court continued, "The committee analysis for the ensuing hearing, in explaining the need for legislation, relayed the Attorney General's concern with the resources spent defending 'unmeritorious *lawsuits* brought by vexatious litigants' and his view that the law should be strengthened to 'prevent the waste of public funds required for the defense of frivolous *suits*.'"  (*Ibid*., italics added by Supreme Court.)[5]

---

[5]  The legislation also expanded the definition of a defendant entitled to the protections of the vexatious litigant statutes to include a "governmental entity." (Stats. 1990, ch. 621, § 1, p. 3072, amending § 391, subd. (e).)

12

Consistent with the Legislature's concern for preventing the initiation of unmeritorious lawsuits, section 391.7, subdivision (c), as enacted in 1990 provided, if a vexatious litigant subject to a prefiling order improperly filed new litigation without first obtaining an order permitting the filing, any party could file a notice with the clerk "stating that the plaintiff is a vexatious litigant subject to a prefiling order." The filing of such a notice automatically stayed the litigation, which would then be dismissed if leave to file was not thereafter obtained by "the plaintiff" within 10 days. (Stats. 1990, ch. 621, § 3, p. 3073.) As the Court of Appeal explained in *Mahdavi,* the term "plaintiff" is not commonly understood to include a defendant who has filed an appeal from an adverse decision by the trial court; and the definition of plaintiff in section 391, subdivision (d), as someone who "commences, institutes or maintains a litigation" does not compel any such strained construction here. (See *Mahdavi*, *supra*, 166 Cal.App.4th at p. 39; see also § 308 ["[i]n [a civil] action the party complaining is known as the plaintiff, and the adverse party as the defendant"].) [6]

Significantly for our purposes, when the Legislature amended section 391.7 in 2011 to authorize a "presiding justice," as well as a "presiding judge" to permit the filing of litigation by a vexatious litigant subject to a prefiling order, it also amended section 391.7, subdivision (c), to allow either a presiding justice or presiding judge, not just a party to the action, to direct the clerk to file and serve the notice stating "the plaintiff is a vexatious litigant subject to a prefiling order," thereby triggering an automatic stay of the litigation and its likely dismissal. (Stats. 2011, ch. 49, § 1; see Sen.

---

[6] As discussed, *Mahdavi* analyzed the use of the terms "plaintiff" and "defendant" in the portions of the vexatious litigant statutes relating to orders requiring the plaintiff to furnish security for the benefit of the defendant. (*Mahdavi, supra*, 166 Cal.App.4th at p. 40.) The *R.H.* court criticized this analysis, observing that the prefiling order provisions of the statute are separate and distinct from the security provisions. (*R.H., supra*, 170 Cal.App.4th at p. 694.) Neither *Mahdavi* nor *R.H.* discussed the notice, stay and dismissal provisions of section 391.7, subdivision (c), which are an integral part of the prefiling order provisions and which by their express terms are limited to the dismissal of litigation improperly filed by a plaintiff.

Com. on Judiciary, Rep. on Sen. Bill No. 731 (2011-2012 Reg. Sess.), as introduced, pp. 6-7.)[7] Notwithstanding those amendments, the terminology "plaintiff" and "defendant" was left unchanged. Thus, at the same time the Legislature expressly confirmed case law holding the prefiling order requirements applied to the Courts of Appeal and modified other aspects of section 391.7, subdivision (c), it kept in place the apparent limitation of these provisions to a vexatious litigant plaintiff, rather than expand or clarify that in the appellate context they applied to all vexatious litigant appellants, whether plaintiff or defendant in the trial court.[8]

Legislative silence is not the most powerful interpretive tool. Nonetheless, we are persuaded by the continued use of the term plaintiff in section 391.7, subdivision (c), taken together with the analysis and holding in *Mahdavi* and the express purpose of section 391.7 to prevent the need to defend meritless lawsuits, as set forth in the portions of the legislative history emphasized in *Shalant,* that the requirement for obtaining leave to file does not apply to a vexatious litigant defendant's appeal from an adverse

---

[7] The Senate Judiciary Committee explained, "This bill would also authorize the presiding justice or presiding judge (or his or her designee) to instruct the clerk of the court to notify parties of a vexatious litigant's status in instances when the clerk may have mistakenly filed new litigation from a vexatious litigant without the prefiling order. Currently, parties to the litigation may themselves give notice to the clerk if they are aware that a party has been declared to be a vexatious litigant. The court clerk then gives notice to all parties. However, there may be occasions when the defendant is unaware of the plaintiff's vexatious litigant status because the prefiling order was mistakenly left off the complaint. In that case, this bill would correct this problem by authorizing the court to direct the clerk to notify the parties." (Sen. Com. on Judiciary, Rep. on Sen. Bill No. 731 (2011-2012 Reg. Sess.) as introduced, pp. 6-7.)

[8] Unlike the *R.H.* court, we do not find it significant that section 391.7, subdivision (a), authorizes "any party," as well as the court on its own motion, to request a prefiling order to prohibit a vexatious litigant from filing new litigation. The process for requesting entry of a prefiling order set forth in subdivision (a), available not only to defendants but also to cross-complainants and cross-defendants, is distinct from the procedures for enforcement of the prefiling order once obtained, which section 391.7, subdivisions (b) and (c), by their terms limit to actions against plaintiffs who are vexatious litigants for the benefit of defendants who are the adverse parties.

14

judgment. (See generally *People v. Bonnetta* (2009) 46 Cal.4th 143, 150-151 ["[a]lthough the absence of legislative response to a judicial construction of a statute will not be deemed an implied ratification of that construction, when a statute has been construed by the courts and the Legislature thereafter reenacts the statute without changing the interpreted language, a presumption is raised that the Legislature was aware of and has acquiesced in that construction"]; *People v. Blakeley* (2000) 23 Cal.4th 82, 89 ["when the Legislature amends a statute without changing those portions of the statute that have previously been construed by the courts, the Legislature is presumed to have known of and to have acquiesced in the previous judicial construction"].)[9]

### b. *A narrow construction of section 391.7 is reinforced by analogous precedent in the law of malicious prosecution*

This distinction we recognize between an appeal by a vexatious litigant plaintiff, which requires leave to file from the presiding justice, and one by a vexatious litigant defendant, which does not, is fully consonant with the closely related principle that, while an attorney's participation in a plaintiff's appeal can provide the basis for a malicious prosecution action (see *Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260,

---

[9] A number of cases have upheld the vexatious litigant statutes against constitutional challenges because they are narrowly drawn and thus do not impermissibly impede the right of access to the courts. (See, e.g., *R.H., supra,* 170 Cal.App.4th at p. 702 ["any impairment of the right to petition must be narrowly drawn"]; *Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 541 [California's vexatious litigant statutes are constitutional, in part, because the "statutes are narrowly drawn"]; *Wolfgram v. Wells Fargo Bank* (1997) 53 Cal.App.4th 43, 60 [vexatious litigant statutes are comparable to a licensing or permit system "'administered pursuant to narrowly drawn, reasonable and definite standards' which represent 'government's only practical means of managing competing uses of public facilities'"]; see also *Moran v. Murtaugh Miller Meyer & Nelson, LLP* (2007) 40 Cal.4th 780, 786 [evaluating procedural due process challenge in light of practical application of vexatious litigant statutes by trial court].) Although restricting a vexatious litigant defendant's right to appeal by requiring a preliminary showing of merit might well survive constitutional scrutiny, to avoid doubts as to the validity of the statute, any ambiguity should be resolved in favor of allowing a defendant's appeal without prefiling permission. (See *Steen v. Appellate Division, Superior Court of Los Angeles County, supra,* 59 Cal.4th at p. 1054.)

297), pursuit of an appeal by a defendant cannot. (See, e.g., *Coleman v. Gulf Ins. Group* (1986) 41 Cal.3d 782, 794 [meritless appeal filed solely for the benefit of delay or to coerce the plaintiff into settling is nonetheless an act authorized by law; "a defendant's appeal cannot be considered a separate action 'seeking affirmative relief,' but rather is merely the continuation of an attempt 'to repel' plaintiff's attack"].)

The Supreme Court in *Zamos v. Stroud* (2004) 32 Cal.4th 958, 966 held a plaintiff (or at least the plaintiff's counsel) may be liable for malicious prosecution, even if the lawsuit had been properly begun, if he or she continued the action after learning there was no probable cause for the proceeding. In *Soukup* it held, "The filing of an appeal is '"the continuation of an action"'" within the meaning of *Zamos*. (*Soukup, supra*, 39 Cal.4th at p. 297.) The *Zamos* Court explained why continuing an unmeritorious lawsuit, not simply initiating one, was properly the subject of the tort of malicious prosecution: "Continuing an action one discovers to be baseless harms the defendant and burdens the court system just as much as initiating an action known to be baseless from the outset." (*Zamos,* at p. 969.) That, of course, is precisely the rationale for requiring a self-represented vexatious litigant plaintiff subject to a prefiling order to seek permission to file an appeal, not just to commence the underlying lawsuit—the unmeritorious appeal, just like a trial court action, burdens both the defendant and the court system itself. However, the *Zamos* Court distinguished a defendant's filing of an arguably meritless appeal, explaining, "The operative distinction, then, is between continuing a prosecution and continuing a defense. In *Coleman*, the defendant in the malicious prosecution action had merely continued its defense of the underlying wrongful death action by causing the filing of the appeal in that action." (*Ibid*.) Here, too, John, although previously found to be a vexatious litigant, was merely continuing her defense of the unlawful detainer action, seeking to repel her landlord's attack. She is entitled to do so without first seeking leave of court.

## DISPOSITION

The petition is granted.  Let a peremptory writ of mandate issue directing the appellate division of the superior court to vacate its May 12, 2014 order dismissing John's appeals from the unlawful detainer action.  John is to recover her costs in this proceeding.


PERLUSS, P. J.

We concur:


WOODS, J.


SEGAL, J.*

---

*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.