[No. D052267. Fourth Dist., Div. One. Aug. 20, 2008.]

KAMAL B. MAHDAVI, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
PORTOFINO BEACH INN, Real Party in Interest.

---

COUNSEL

Kamal B. Mahdavi, in pro. per., for Petitioner.

Darlene A. Dornan and Cheryl L. Brierton for Respondent.

Laurence Howard Lishner for Real Party in Interest.

---

OPINION

AARON, J.—

## I.

## INTRODUCTION

Petitioner Kamal B. Mahdavi seeks a writ of mandamus ordering the appellate division of the superior court (appellate division) to vacate its order dismissing his appeal from a judgment in favor of real party in interest Portofino Beach Inn (Portofino) in its unlawful detainer action against Mahdavi.

In 2003, this court deemed Mahdavi to be a vexatious litigant, based on his conduct in prior litigation. Because of Mahdavi's status as a vexatious litigant, when Mahdavi appealed the judgment against him in the underlying unlawful detainer action, in which he was the defendant, the appellate division ordered Mahdavi to seek leave of the presiding judge of the appellate division to maintain his appeal. When Mahdavi failed to request leave to file his appeal within the 10-day time limitation set forth in the appellate division's order, the appellate division dismissed his appeal.

We conclude that the appellate division erred in requiring Mahdavi to seek leave to file an appeal from a case in which he is the defendant. We therefore grant Mahdavi's petition for a writ of mandate and order the appellate division of the superior court to vacate its order dismissing Mahdavi's appeal.

The appellate division shall permit Mahdavi to file and pursue an appeal from the judgment against him in the unlawful detainer action.

II.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

This court designated Mahdavi a vexatious litigant in *Mahdavi v. State of California* (July 21, 2003, D040432) (nonpub. opn.).

On January 3, 2007, Portofino instituted an unlawful detainer action against Mahdavi arising from Mahdavi's stay at an Econo Lodge hotel in Encinitas that Portofino owns. Mahdavi filed a notice of appeal in the action on February 20, 2007.[2] The appellate division of the superior court set a hearing date of December 14, 2007, for Mahdavi's appeal.[3]

On December 5, 2007, after realizing that Mahdavi had previously been declared a vexatious litigant, the appellate division determined that it should stay the appellate proceedings Mahdavi had instituted by way of his notice of appeal. The appellate division's order states: "Defendant/Appellant Kamal B. Mahdavi was declared to be a vexatious litigant by Division One of the Fourth District Court of Appeal in 2003. As a result, he is required to obtain permission from the presiding judge of the court in which he proposes to file new litigation before doing so. (Code of Civil Procedure § 391.7.)"

According to the court, Mahdavi's notice of appeal was "mistakenly accepted for filing on Appellant's behalf even though he had not sought or received an order from the Presiding Judge of the Appellate Division permitting its filing." The appellate division stayed Mahdavi's appeal, took the matter off the December 14, 2007 calendar, and ordered Mahdavi to obtain an order from the presiding judge of the appellate division, within 10 days of service of the December 5, 2007 order, permitting him to proceed with his appeal.

On December 11, 2007, Mahdavi filed a document entitled, "The Appellant's Objection to the Malicious Void Order of the Disqualified Judge Stephanie Sontag." Mahdavi argued (1) that he had previously successfully

---

[1] The limited record filed with the petition provides almost no information regarding the underlying unlawful detainer action. Our recitation of the factual and procedural background of this case is thus necessarily limited.

[2] Mahdavi did not provide this court with the ruling of the trial court that he was seeking to appeal.

[3] The appellate division has appellate jurisdiction over the case because it is a limited civil case. (See Code Civ. Proc., §§ 85, 904.2; see also Cal. Const., art. VI, § 11.)

moved to disqualify Judge Sontag "on the ground of her bias against the appellant"; (2) that Judge Sontag lacked jurisdiction over his "perfected appeal"; (3) that the "prefiling order applies to the appeal in which the appellant has been the plaintiff in the lower court" and that "in this appeal, the appellant was the defendant in the lower court"; and (4) that he had "implicitly complied with the order" requiring him to show that " 'the litigation has merit and has not been filed for the purposes of harassment or delay.' "

On December 13, 2007, the appellate division overruled Mahdavi's objection. Among the reasons the court gave for its ruling was that "Appellant's belief that the prefiling order requirement does not apply to appeals of judgments in which he was the defendant is incorrect." The court reaffirmed its December 5 order and stated that it would dismiss Mahdavi's appeal if he failed to comply with that order.

On December 17, 2007, Mahdavi filed a document entitled, "The Appellant's Reply to the December-13th-2007 Order of the Presiding Judge of the Appel[late] Division." Mahdavi complained that in order for him to be able to establish the merit of his appeal, he would have to examine the case file. He stated that when he went to examine the court's file, he "was told that the court file was missing, and the shelf for the file was empty . . . ."

On December 20, 2007, the appellate division issued an order dismissing Mahdavi's appeal. That order stated: "On December 5, 2007, this Court advised Appellant his appeal would be dismissed if he did not seek the prefiling order required by Code of Civil Procedure [section] 391.7 within 10 days of the service of that order. Rather than submitting an application for the required prefiling order, Appellant continued to file frivolous pleadings that were devoid of any merit. Due to Appellant's failure to comply with the referenced order, the appeal is dismissed."

Mahdavi filed a peremptory mandamus petition in this court on December 28, 2007, seeking an order requiring the appellate division to vacate its order dismissing his appeal. On March 6, 2008, this court requested that the real party in interest, Portofino, and respondent superior court informally respond to Mahdavi's petition and that they specifically address "whether the appellate division may require a vexatious litigant to apply for a prefiling order when the litigant was a defendant below and is appealing the judgment against him."

After receiving an informal response from superior court, and no response from Portofino, on March 24, 2008, this court issued an order to show cause, ordering that the superior court show cause why the relief Mahdavi requested

should not be granted. Respondent's informal response was deemed its return to the order to show cause. Mahdavi filed a timely reply.

## III.

## DISCUSSION

A prefiling order "prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed." (Code Civ. Proc., § 391.7, subd. (a).)[4] We hold that a court may not require a person who has been determined to be a vexatious litigant in prior litigation to seek leave of the court before he may file an appeal in a case in which he is the defendant.

### A. *The vexatious litigant statutory scheme*

In ordering Mahdavi to seek leave of the presiding judge before being able to move forward with his appeal, the appellate division relied on section 391.7, subdivision (a), which provides: "In addition to any other relief provided in this title, the court may, on its own motion or the motion of any party, enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed. Disobedience of the order by a vexatious litigant may be punished as a contempt of court."[5]

Section 391 defines the terms that are used throughout the vexatious litigant statute:

"(a) 'Litigation' means any civil action or proceeding, commenced, maintained or pending in any state or federal court.

---

[4] Further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[5] The other subdivisions of section 391.7 provide:

"(b) The presiding judge shall permit the filing of that litigation only if it appears that the litigation has merit and has not been filed for the purposes of harassment or delay. The presiding judge may condition the filing of the litigation upon the furnishing of security for the benefit of the defendants as provided in Section 391.3.

"(c) The clerk may not file any litigation presented by a vexatious litigant subject to a prefiling order unless the vexatious litigant first obtains an order from the presiding judge permitting the filing. If the clerk mistakenly files the litigation without the order, any party may file with the clerk and serve on the plaintiff and other parties a notice stating that the plaintiff is a vexatious litigant subject to a prefiling order as set forth in subdivision (a). The filing of the notice shall automatically stay the litigation. The litigation shall be automatically dismissed unless the plaintiff within 10 days of the filing of that notice obtains an order from the presiding judge permitting the filing of the litigation as set forth in subdivision (b). If the

"(b) 'Vexatious litigant' means a person who does any of the following: [¶] (1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing. [¶] (2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined. [¶] (3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay. [¶] (4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence.

"(c) 'Security' means an undertaking to assure payment, to the party for whose benefit the undertaking is required to be furnished, of the party's reasonable expenses, including attorney's fees and not limited to taxable costs, incurred in or in connection with a litigation instituted, caused to be instituted, or maintained or caused to be maintained by a vexatious litigant.

"(d) 'Plaintiff' means the person who commences, institutes or maintains a litigation or causes it to be commenced, instituted or maintained, including an attorney at law acting in propria persona.

"(e) 'Defendant' means a person (including corporation, association, partnership and firm or governmental entity) against whom a litigation is brought or maintained or sought to be brought or maintained."

 Section 391.1 allows defendants who are involved in litigation with a plaintiff who is a vexatious litigant to move the court for an order requiring

presiding judge issues an order permitting the filing, the stay of the litigation shall remain in effect, and the defendants need not plead, until 10 days after the defendants are served with a copy of the order.

"(d) For purposes of this section, 'litigation' includes any petition, application, or motion other than a discovery motion, in a proceeding under the Family Code or Probate Code, for any order.

"(e) The clerk of the court shall provide the Judicial Council a copy of any prefiling orders issued pursuant to subdivision (a). The Judicial Council shall maintain a record of vexatious litigants subject to those prefiling orders and shall annually disseminate a list of those persons to the clerks of the courts of this state."

the plaintiff to furnish security. Section 391.1 specifies that the moving party is to be the "defendant" and that the party who may be required to furnish a security is the "plaintiff": "In any litigation pending in any court of this state, at any time until final judgment is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security. The motion must be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he will prevail in the litigation against the moving defendant."

Section 391.2 sets forth the procedure for a hearing on a defendant's motion for an order requiring security.

Section 391.3 establishes when and how the court may order the plaintiff to furnish security: "If, after hearing the evidence upon the motion, the court determines that the plaintiff is a vexatious litigant and that there is no reasonable probability that the plaintiff will prevail in the litigation against the moving defendant, the court shall order the plaintiff to furnish, for the benefit of the moving defendant, security in such amount and within such time as the court shall fix."

■ Section 391.4 provides that the failure to furnish security as ordered will result in dismissal of the litigation.

■ A careful reading of the provisions of the vexatious litigant statute reveals that the restrictions in the statute are not intended to apply to a defendant who has previously been declared a vexatious litigant in unrelated litigation. By defining a plaintiff as someone who "commences, institutes or maintains a litigation" (§ 391, subd. (d)), the statute provides the common understanding of the meaning of "plaintiff" as the party who is pursuing legal claims against another. The definition of "defendant" similarly adheres to the common understanding of that term, i.e., the person "against whom a litigation is brought or maintained or sought to be brought or maintained." (§ 391, subd. (e).) Both definitions fit well within the framework of section 308, which provides: "In [a civil] action the party complaining is known as the plaintiff, and the adverse party as the defendant."[6]

The language of the other provisions of the vexatious litigant statute confirms that a plaintiff under the statute is the party who has filed a

---

[6] Section 22 defines an "action" as "an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." Section 30 provides, "A civil action is prosecuted by one party against another for the declaration, enforcement or protection of a right, or the redress or prevention of a wrong."

complaint. For example, section 391.1 requires the defendant to show that "the plaintiff is a vexatious litigant and that there is not a reasonable probability that he will prevail in the litigation against the moving defendant." Section 391.3 employs similar language. The use of the words "the plaintiff . . . will prevail in the litigation *against* the moving defendant" (*ibid.*, italics added) confirms that the term "plaintiff" in the vexatious litigant statute refers to the party who is prosecuting claims against another party. Even subdivision (b) of section 391.7, the prefiling provision, appears to contemplate that the statute will be used to preclude a plaintiff from filing new litigation against a defendant. (See § 391.7, subd. (b) ["The presiding judge may condition the filing of the litigation upon the furnishing of security for the benefit of the *defendants* . . . ." (italics added)].)

B. *The court may not require a defendant who has been declared a vexatious litigant as a result of his or her conduct in prior proceedings to obtain leave of the presiding judge or justice prior to filing an appeal of a judgment against him*

In responding to this court's inquiry, respondent focused much attention on the jurisdiction and power of the appellate division as a reviewing body. Citing section 391, subdivision (a), respondent asserts that "[t]he vexatious litigant statute applies to 'litigation,' defined to mean 'any civil action or proceeding, commenced, maintained or pending in any state or federal court.' " Citing *McColm v. Westwood Park Assn.* (1998) 62 Cal.App.4th 1211, 1219 [73 Cal.Rptr.2d 288] (*McColm*), respondent further contends that litigation comprises not only civil trial and special proceedings, but also a broader category of proceedings, including "proceedings initiated in the Courts of Appeal by notice of appeal."

Respondent appears to contend that the rule announced in *McColm, supra,* 62 Cal.App.4th at page 1220, i.e., that "new litigation" includes the filing of appeals, applies with equal force to appeals that fall under the jurisdiction of the appellate division of the superior court. Claiming that "courts have an inherent right to control their own records," and that the "appellate division has express authority to maintain control over the filings before it," respondent asserts that "the appellate division of the superior court may enforce the terms of a vexatious litigant prefiling order and require a litigant to conform to its requirements, or in the alternative, suffer dismissal."

Respondent appears to have misunderstood this court's inquiry. Our concern is not whether the appellate division of the superior court may require vexatious litigants to comply with prefiling orders issued pursuant to section 391.7, but, rather, whether *any appellate court* may impose such a requirement on a *defendant* who has been declared a vexatious litigant in prior

litigation and who, in defending an action filed against him or her, seeks to appeal a ruling of the trial court.

A defendant who appeals an adverse ruling is not filing "new" litigation or "maintaining" litigation, but rather, is attempting to "undo" the results of litigation that has been instituted against him or her. We recognize that in *McColm, supra*, 62 Cal.App.4th at page 1220, the court used broad language in concluding that "new litigation" as used in subdivision (a) of section 391.7, includes the filing of an appeal by a vexatious litigant. However, we conclude that *McColm* should be read narrowly as holding that a prefiling order applies to prohibit a vexatious litigant plaintiff from appealing rulings of the trial court without first seeking leave of the appropriate appellate court.

The *McColm* court reasoned that "litigation," as defined by the vexatious litigant statute, means " 'any civil action or proceeding, commenced, maintained or pending in any state or federal court,' " and that " 'any civil action or proceeding' includes any appeal or writ proceeding." (*McColm, supra*, 62 Cal.App.4th at p. 1216.) The *McColm* court also examined the definitions of "plaintiff" and "defendant" in the statutory scheme, and concluded that because the statute defines a "plaintiff" as " 'the person who commences, institutes or maintains a litigation or causes it to be commenced, instituted or maintained,' " an appellant should be considered a "plaintiff" for purposes of the statute. (*Id.* at p. 1217.) The court observed, "[a]n appellant or writ petitioner certainly commences, institutes or attempts to maintain the litigation in this court." (*Ibid.*) Further, according to the *McColm* court, because "[a]ny respondent or real party in interest in this court is a person against whom litigation is brought or maintained," a respondent or real party in interest meets the definition of "defendant" in the statute. (*Ibid.*)

*McColm* involved an appellant who had been declared a vexatious litigant in prior litigation and who was the *plaintiff* in the underlying action. (*McColm, supra*, 62 Cal.App.4th at p. 1217 [McColm sought to proceed with an "appeal from dismissal of her action against Westwood"].) In such a situation, as *McColm* correctly notes, the plaintiff, acting as an appellant, is "maintaining" the litigation by filing an appeal. However, the situation in the case before us is distinct, in that Mahdavi, previously declared a vexatious litigant, is attempting to appeal a ruling against him in a case in which he is the *defendant*. In appealing from a ruling in a case that he did not initiate, Mahdavi cannot be said to be "maintaining" the litigation any more than any defendant can be considered to be "maintaining" litigation by seeking to defend himself through the filing of pleadings and motions in the trial court.

The language in *McColm* supports the distinction between a plaintiff who seeks to "maintain" litigation by filing an appeal or petitioning for a writ and

a defendant who seeks to defend him or herself in an action by filing an appeal: "The decision whether to allow the litigant to proceed will be made on an individual basis, taking into account such factors as the nature of the action below, the nature of the lower court's ruling, whether writ petition or appeal is the appropriate procedure for seeking review in the Court of Appeal, the litigant's claims of error and whether the litigant has demonstrated *improper reasons for bringing the original litigation* or for taking it to the next court level." (*McColm, supra*, 62 Cal.App.4th at p. 1217, italics added.)

It appears from this statement that the *McColm* court presumed that a vexatious litigant who is attempting to appeal an adverse ruling would be the litigant who initiated the underlying litigation. As the case before us demonstrates, however, there may be instances in which an individual who has been determined to be a vexatious litigant finds himself having to defend against an action. As part of his defense, he may desire to seek to remedy an adverse ruling of the trial court. In such a case, even if the defendant has abused the judicial system in the past as a plaintiff, the defendant must be permitted to defend himself as any other defendant would.

This interpretation of the statute corresponds with the other provisions of the vexatious litigant statute, which specify that a *defendant* may move for an order requiring the plaintiff to furnish security and give the court the power to order the *plaintiff* to furnish security upon a finding that the *plaintiff* is a vexatious litigant. (See §§ 391.1, 391.3.) In reading the vexatious litigant statute as a whole, it is clear that the thrust of the statute is to protect defendants from continued and repeated unmeritorious lawsuits initiated by plaintiffs. The intent of the statute would not be served by imposing its strict limitations on one who is a defendant in an action, even if that individual has previously brought frivolous claims against others.[7]

■ We agree with the *McColm* court's holding that a plaintiff who has been declared a vexatious litigant may be subject to a prefiling order requiring leave of the presiding justice in order to file an appeal. However, to the extent that *McColm* holds that the vexatious litigant statute can be read to require a *defendant* who has previously been declared a vexatious litigant in prior litigation to obtain leave of the presiding judge or justice in order to file and pursue an appeal, we disagree.

---

[7] A defendant may be determined to be a vexatious litigant during the pendency of an action based on his or her conduct in that particular case, pursuant to subdivision (b)(3) of section 391, which defines a vexatious litigant as one who "while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." It is possible that a defendant who is declared a vexatious litigant in an ongoing case may be fairly subject to the limitations of a prefiling order. However, because that is not the situation before us, we need not decide the issue.

## IV.

## DISPOSITION

Let a peremptory writ of mandate issue directing the appellate division of the superior court to vacate its December 20, 2007 order dismissing Mahdavi's limited appeal. Mahdavi is entitled to costs in the writ proceeding.

McConnell, P. J., and Benke, J., concurred.