Filed 6/7/17 (unmodified opn. attached)

CERTIFIED FOR PUBLICATION

COURT OF APPEAL - FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| CORNELIUS OLUSEYI OGUNSALU,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>THE SUPERIOR COURT OF SAN DIEGO COUNTY,<br><br>　　　　Respondent;<br><br>CALIFORNIA COMMISSION ON TEACHER CREDENTIALING,<br><br>　　　　Real Party in Interest. | D071323<br><br>(San Diego County Super. Ct.<br> No. 37-2016-00037994-CU-WM-CTL)<br><br>ORDER MODIFYING OPINION<br><br>NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on May 31, 2017, be modified as follows:

1.  On page 4, commencing on line 2, the first full sentence is deleted and the following sentence inserted in its place:

> We solicited and obtained an informal response from the Commission, and thereafter issued an order to show cause.

There is no change in the judgment.

McCONNELL, P. J.

Copies to:  All parties

Filed 5/31/17 (unmodified version)

CERTIFIED FOR PUBLICATION

COURT OF APPEAL - FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| CORNELIUS OLUSEYI OGUNSALU, <br><br> Petitioner, <br><br> v. <br><br> THE SUPERIOR COURT OF SAN DIEGO COUNTY, <br><br> Respondent; <br><br> CALIFORNIA COMMISSION ON TEACHER CREDENTIALING, <br><br> Real Party in Interest. | D071323 <br><br> (San Diego County Super. Ct. No. 37-2016-00037994-CU-WM-CTL) |

ORIGINAL PROCEEDING in mandate.  Timothy B. Taylor, Judge.  Petition

dismissed as moot.

Cornelius Oluseyi Ogunsalu, in pro. per., for Petitioner.

No appearance for Respondent.

Xavier Becerra, Attorney General, and Chara L. Crane, Deputy Attorney General,

for Real Party in Interest.

In this case, we conclude that the vexatious litigant prefiling requirements of Code of Civil Procedure[1] section 391.7 apply to a self-represented litigant, previously declared a vexatious litigant, who filed a writ of mandate proceeding in the superior court to challenge the denial of his request to continue an administrative proceeding where the vexatious litigant was the respondent in the administrative proceeding. Accordingly, the superior court correctly subjected the vexatious litigant to the prefiling requirements of section 391.7. Because subsequent events have rendered effective relief impossible, we dismiss the petition as moot.

FACTUAL AND PROCEDURAL BACKGROUND

The California Commission on Teacher Credentialing (Commission) notified Cornelius Oluseyi Ogunsalu that it had found probable cause to recommend the suspension of his preliminary teaching credentials for 21 days and that Ogunsalu's application for a clear credential would be granted only upon completion of the suspension. The Commission's letter notifying Ogunsalu of its adverse action recommendation informed him of options that were available to him to respond to the recommendation, one of which was to request an administrative hearing to challenge the recommendation. Ogunsalu requested an administrative hearing. The Commission issued an official accusation and statement of issues (Accusation) regarding Ogunsalu. (Ed. Code, § 44242.5, subd. (c)(3)(B).) The Accusation required Ogunsalu to timely request a hearing. (Gov. Code, § 11505.) Although not included in the record, Ogunsalu

_____

1       Undesignated statutory references are to the Code of Civil Procedure.

2

presumably timely requested a hearing as the Office of Administrative Hearings (OAH) assigned hearing dates to the matter and served the notice of assigned hearing dates on Ogunsalu.

Ogunsalu requested a continuance of the administrative hearing before the Commission. An administrative law judge (ALJ) of the OAH denied the continuance on the ground Ogunsalu had not shown good cause for the continuance. Ogunsalu, who is a vexatious litigant, sought to challenge the denial of the continuance request by filing a petition for writ of mandate in the superior court. (See Gov. Code, § 11524, subd. (c) [party may seek judicial review of denial of continuance of administrative hearing within 10 working days of denial].) The court denied his request to file new litigation by vexatious litigant under section 391.7.

Ogunsalu then requested permission from this court to file a petition for a writ directing the superior court to vacate its order denying his request to file the petition for writ of mandate in that court. In the proposed filing, he contended that the superior court had abused its discretion by relying on his status as a vexatious litigant to deny his request to file the petition for writ of mandate, because he is a "defendant" in the administrative hearing before the Commission and sought to "appeal" a ruling against him in that proceeding.

We denied the request on the grounds the prefiling requirements for vexatious litigants applied and Ogunsalu had not shown his proposed filing had merit. Ogunsalu petitioned the California Supreme Court for review. The Supreme Court granted the petition and transferred the matter to this court "for reconsideration in light of *John v.*

3

*Superior Court* (2016) 63 Cal.4th 91 [(*John*)]".  We solicited and obtained an informal response from the Commission.

The Commission contends that the prefiling requirements apply to Ogunsalu because he was the plaintiff who sought to commence new litigation in the superior court and in this court.  The Commission further contends that both the superior court and this court properly denied Ogunsalu's requests for permission to file new litigation, because the proposed litigation lacked merit in that Ogunsalu had not shown good cause to continue the administrative hearing.  Attached to the informal response are copies of a letter and the ALJ's proposed decision revoking Ogunsalu's teaching credential, which indicate the hearing that Ogunsalu sought to continue had already occurred and the proposed decision would be presented to the Commission at its February 2017 meeting.

DISCUSSION

I.  *MOOTNESS*

As a preliminary matter, this court cannot grant Ogunsalu any meaningful relief on his writ petition, because the administrative hearing he sought to continue has already concluded, and the petition is therefore moot.  (*Lockaway Storage v. County of Alameda* (2013) 216 Cal.App.4th 161, 174-175 [case is moot if events have made any effective relief impracticable or impossible].)  Nonetheless, a reviewing court may exercise its inherent discretion to resolve an issue rendered moot by subsequent events if the question to be decided is of continuing public importance and is a question capable of repetition, yet evading review.  (*People v. Gregerson* (2011) 202 Cal.App.4th 306, 321.)

4

Accordingly, we will decide the briefed issue to clarify the law, but dismiss the writ as moot.

## II. *MERITS*

On its own motion or the motion of any party, a trial or appellate court is authorized to enter a prefiling order prohibiting a self-represented vexatious litigant from "filing any new litigation in the courts of this state . . . without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed." (§ 391.7, subd. (a), hereinafter § 391.7(a).) The vexatious litigant prefiling requirement is akin to a licensing or permit system, which constitutes a " 'practical means of managing competing uses of public facilities[.]' [Citation.] When a vexatious litigant knocks on the courthouse door with a colorable claim, he may enter." (*Wolfgram v. Wells Fargo Bank* (1997) 53 Cal.App.4th 43, 60.) But, that entry may be conditioned on representation by counsel or permission from the presiding judge to proceed in propria persona along with the posting of security. (§ 391.7, subds. (a) & (b).)

In *Mahdavi v. Superior Court* (2008) 166 Cal.App.4th 32 (*Mahdavi*), this court held that the prefiling requirement of section 391.7(a) does not apply to a vexatious litigant defendant appealing an adverse ruling. (*Mahdavi,* at p. 34.) The *Mahdavi* court explained: "A defendant who appeals an adverse ruling is not filing 'new' litigation or 'maintaining' litigation, but rather, is attempting to 'undo' the results of litigation that has been instituted against him or her." (*Id.* at p. 41.)

In *John*, *supra*, 63 Cal.4th 91, our high court examined the language and legislative history of the vexatious litigant statutes to conclude that the section 391.7

5

prefiling requirements do not apply to a self-represented vexatious litigant's appeal of a judgment or interlocutory order in an action in which he or she was the defendant. (*Id.* at p. 100.) The *John* court concluded that the legislative history supported *Mahdavi's* statutory interpretation.[2] (*Id.* at p. 98.)

Relying on *John*, Ogunsalu contends the superior court abused its discretion by relying on his status as a vexatious litigant to deny his request to file the petition for writ of administrative mandate, because he was a "defendant" in the administrative hearing before the Commission and sought to "appeal" a ruling against him in that proceeding. *John* does not directly address the issue before us whether the person responding to an administrative writ proceeding who then initiates a writ of mandate proceeding in the superior court to challenge a ruling in the administrative proceeding is considered a "defendant" under the vexatious litigant statutes. Nonetheless, the plain language of the vexatious litigant statutes provides the answer to this question.

"[T]he objective of statutory interpretation is to ascertain and effectuate legislative intent." (*People v. Flores* (2003) 30 Cal.4th 1059, 1063.) To determine legislative intent, we must examine the words of the statute, giving them their usual and ordinary meaning and construing the words and clauses in the context of the statute as a whole. (*People v. Murphy* (2001) 25 Cal.4th 136, 142.) "If there is no ambiguity in the language of the statute, 'then the Legislature is presumed to have meant what it said, and the plain

---

[2] The John court disapproved *Mahdavi* "to the extent it could be interpreted as precluding a Court of Appeal from declaring an in propria persona defendant on appeal to be a vexatious litigant under section 391." (*John*, *supra*, 63 Cal.4th at p. 99, fn. 2.)

meaning of the language governs.' [Citation.] 'Where the statute is clear, courts will not "interpret away clear language in favor of an ambiguity that does not exist." ' " (*Lennane v. Franchise Tax Bd.* (1994) 9 Cal.4th 263, 268.)

"Litigation" means "any civil action or proceeding, commenced, maintained or pending in any state or federal court." (§ 391, subd. (a), hereinafter § 391(a).) A "[p]laintiff" is defined as "the person who commences, institutes or maintains a litigation or causes it to be commenced, instituted or maintained." (*Id*. at subd. (d).) A" '[d]efendant' means a person (including corporation, association, partnership and firm or governmental entity) against whom a litigation is brought or maintained or sought to be brought or maintained." (§ 391, at subd. (e), hereinafter § 391(e).) Here, Ogunsalu is the "plaintiff" because he commenced litigation (the writ of mandate proceeding) in the superior court. The OAH is the "defendant" because it is the governmental entity against whom Ogunsalu bought the litigation. Under the plain language of the vexatious litigant statutes, the underlying administrative proceeding does not qualify as "litigation." (§ 391(a).) We are bound to apply the express definitions drafted by the Legislature to the facts before us. (See *Delaney v. Superior Court* (1990) 50 Cal.3d 785, 804 ["It is bedrock law that if 'the law-maker gives us an express definition, we must take it as we find it . . . .' "].)

Nonetheless, we are sympathetic to Ogunsalu. If section 391(a) defined "litigation" as "any civil action or proceeding, commenced, maintained or pending in any state or federal court *or any administrative proceeding*" then Ogunsalu qualifies as a defendant under section 391(e), i.e., a person against whom *litigation* is brought or

7

maintained or sought to be brought or maintained. Under the principles set forth in *Mahdavi* and *John*, Ogunsalu's filing of the writ of mandate in superior court, essentially the appeal of an adverse ruling in the administrative proceeding brought against his preliminary teaching credentials, would not qualify as "new litigation" within the meaning of section 391.7(a) subject to a prefiling requirement.

As we indicated, the Legislature expressly defined "litigation" as not including administrative proceedings and we must take the statute as we find it. Our review of the legislative history for sections 391 and 391.7 reveals the Legislature did not consider whether administrative proceedings should be included in the definition of litigation when enacting and amending these statutes. Rather, since its enactment in 1963, section 391 defined "litigation" as an action or proceeding pending in a "court."[3] (Stats. 1963, ch. 1471, § 1, p. 3038.) It is up to the Legislature to change the wording of section 391(a) to make it applicable to administrative proceedings; something we suggest that the legislature consider.

Accordingly, the superior court properly applied the vexatious litigant prefiling requirement to Ogunsalu's writ of mandate proceeding to assess whether the proposed

---

[3]     When enacted in 1963 section 391 defined "litigation" as meaning: "any civil action or proceeding, commenced, maintained or pending in any court of this State." (Stats. 1963, ch. 1471, § 1, p. 3038.) The 1990 amendment to the statute changed the definition to add federal courts: " 'Litigation' means any civil action or proceeding, commenced, maintained or pending in any *state or federal court of record*." (Stats. 1990, ch. 621, § 1, p. 3071.) The 1994 amendment deleted the words "of record" and thus expanded the definition of litigation to apply it to all courts, whether or not they are courts of record. (See Historical and Statutory Notes, 14A West's Ann. Code Civ. Proc. (2004 ed.) foll. § 391, p. 4; see also Stats. 1994, ch. 587, § 3.5.)

8

new litigation had merit. By denying Ogunsalu's request to file new litigation by a vexatious litigant, the superior court necessarily examined Ogunsalu's petition and determined it lacked merit or had been filed for the purposes of harassment or delay. (§ 391, subd. (b).) There is no need for us to address the propriety of the superior court's conclusion as Ogunsalu's petition is now moot.[4]

## DISPOSITION

The petition is dismissed as moot. The parties are to bear their own costs of this writ proceeding. (Cal. Rules of Court, rule 8.493(a)(1)(B).)


NARES, J.

WE CONCUR:


McCONNELL, P. J.


AARON, J.

---

[4] Our prior order denying Ogunsalu's request to file new litigation in this court is vacated, and the request is granted.