Filed 10/16/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re the Marriage of ELENA KOUVABINA and JACOB VELTMAN. | |
| | A171807, A172215 |
| ELENA KOUVABINA,<br><br>        Appellant,<br><br>v.<br><br>JACOB VELTMAN,<br><br>        Respondent. | (San Mateo County<br>Super. Ct. No. 17-FAM-01346) |

Over the last five years, attorney Elena Kouvabina has — while self-represented — "commenced, prosecuted, or maintained" nine litigations that have been "finally determined adversely to [her]."  (Code Civ. Proc., § 391, subd. (b)(1) (section 391(b)(1)), undesignated statutory references are to this code.)  On our own motion, we conclude she is a vexatious litigant and impose a prefiling order prohibiting her from filing new litigation while self-represented in the courts of this state without first obtaining permission from the presiding judge or justice where the litigation is proposed to be filed. (§§ 391(b)(1), 391.7, subd. (a) (section 391.7(a)).)

**BACKGROUND**

Kouvabina and Jacob Veltman — also an attorney — married in 2010, had a daughter in 2012, and separated in 2017.  Kouvabina filed a petition

1

for dissolution in 2017, and the parties have been involved in contentious litigation ever since.

Over the last five years, Kouvabina has commenced, prosecuted, or maintained 11 appeals and writs in this court. Two of her appeals remain pending, but nine matters — five appeals and four writs — have been finally determined adversely to her:

(1) In *Kouvabina v. Superior Court*, case No. A162899, she filed a petition for a writ of mandate concerning her effort to disqualify Judge Sean Dabel. We summarily denied the writ petition on July 1, 2021.

(2) In *Kouvabina v. Superior Court*, case No. A164282, she again filed a petition for a writ of mandate concerning her effort to disqualify Judge Dabel. We summarily denied the writ petition on January 6, 2022.

(3) In *Kouvabina v. Superior Court*, case No. A167447, she once more filed a petition for a writ of mandate concerning her effort to disqualify Judge Dabel. We summarily denied the writ petition on April 6, 2023.

(4) In *In re Marriage of Kouvabina & Veltman*, case No. A165209, she appealed from an order denying her request to modify a spousal support order. We affirmed by written opinion on October 26, 2023.

(5) In *In re Marriage of Kouvabina & Veltman*, case No. A165033, she appealed from a statement of decision concerning custody and visitation issues. We affirmed by written opinion on January 31, 2024.

(6)   In *Kouvabina v. Superior Court*, case No. A170287, she filed a petition for a writ of mandate concerning her effort to disqualify Judge Chinhayi C. Cadet.  We summarily denied the writ petition on May 15, 2024.

(7)   In *In re Marriage of Kouvabina & Veltman*, case No. A167490, she appealed from a statement of decision after trial on financial matters and the resulting judgment on reserved issues.  We consolidated the appeal with case Nos. A168348 and A168557.  We affirmed by written opinion on March 27, 2025.

(8)   In *In re Marriage of Kouvabina & Veltman*, case No. A168348, she appealed from a judgment on child support.  We consolidated the appeal with case Nos. A167490 and A168557.  We affirmed by written opinion on March 27, 2025.

(9)   In *In re Marriage of Kouvabina & Veltman*, case No. A168557, she appealed from an order on attorney fees.  We consolidated the appeal with case Nos. A167490 and A168348.  We affirmed by written opinion on March 27, 2025.

Given her persistent pattern of commencing unmeritorious litigations in this court, we issued an order to show cause (OSC) why Kouvabina should not be declared a vexatious litigant pursuant to section 391 and why we should not impose a prefiling order pursuant to section 391.7(a).  We ordered her to file a written response addressing, among other things, whether the above litigations (collectively, the litigations) satisfy the requirements of section 391(b)(1).  She filed a written response to the OSC.[1]  Veltman has

_____

[1] Kouvabina also filed a motion asking us to take judicial notice of various documents.  Her request is granted as to our court records regarding the litigations.  (Evid. Code, § 452, subd. (d).)  Her request is denied as irrelevant as to the other documents, including, among other things, the

filed a response as well.  We set the matter to be heard at an October 8, 2025 hearing.

## DISCUSSION

"The vexatious litigant statutes—sections 391 to 391.8—are 'designed . . . to protect opposing parties harassed by meritless lawsuits, [and] to conserve court time and resources and protect the interests of other litigants who are waiting for their legal cases to be processed through the courts.' " (*Karnazes v. The Lauriedale Homeowners Assn.* (2023) 96 Cal.App.5th 275, 280 (*Karnazes*); *In re Marriage of Deal* (2022) 80 Cal.App.5th 71, 77 [scheme " ' "enacted ' "to curb misuse of the court system" ' by ' "persistent and obsessive" litigants' " ' "].)

Section 391(b)(1) defines a vexatious litigant as a self-represented person who has filed at least five qualifying litigations within the past seven years that were decided adversely to them.  (§ 391(b)(1)(i).)  "Litigation is defined as any 'civil action or proceeding, commenced, maintained or pending in any state . . . court.' " (*Karnazes*, *supra*, 96 Cal.App.5th at p. 280.)  This "includes an appeal or civil writ proceeding filed in an appellate court." (*Garcia v. Lacey* (2014) 231 Cal.App.4th 402, 406.)  An action is "within the ' "immediately preceding seven-year period" ' so long as it was filed or maintained during that period" (*id.* at p. 406, fn. 4), and the "period is measured from the date the motion or OSC is filed."  (*Karnazes*, at p. 280.)  The litigation is "finally determined adversely" if the person does not win and "avenues for direct review (appeal) have been exhausted or the time for appeal has expired." (*Garcia*, at pp. 406–407 & fn. 5.)  When a writ petition

---

website of the law firm that used to represent Veltman, a settlement proposal conveyed to Veltman, various motions filed in the trial court, the court records in the still pending appeals, and an article from a legal magazine.

4

is "the *exclusive* means of obtaining appellate review" — such as when a party challenges "a ruling on a motion to disqualify a judge" — an "appellate court's summary denial . . . is properly considered a final determination of litigation for purposes of qualifying for vexatious litigant status." (*Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1172–1173; § 170.3, subd. (d) [disqualification "may be reviewed only by a writ of mandate"].)

If a litigant qualifies as vexatious under section 391(b)(1), a court may enter a prefiling order preventing the person from filing new litigation while self-represented without first obtaining permission from the presiding judge or justice where the litigation is to be filed. (§ 391.7(a); *In re Marriage of Deal, supra*, 80 Cal.App.5th at p. 77.) For the purposes of section 391.7, " 'litigation' includes any petition, application, or motion other than a discovery motion, in a proceeding under the Family Code . . . , for any order." (§ 391.7, subd. (d).) "Permission to file will be granted 'only if it appears that the litigation has merit and has not been filed for the purposes of harassment or delay.' " (*Karnazes, supra*, 96 Cal.App.5th at p. 280; § 391.7, subd. (b).) "The 'prefiling requirement "does not deny the vexatious litigant access to the courts, but operates solely to preclude the initiation of meritless [litigations] and their attendant expenditures of time and costs." ' " (*Deal*, at p. 77.)

Kouvabina advances various arguments in opposition to the OSC. We address them in turn.

## I.

Kouvabina contends appeals do not constitute "litigation" within the meaning of section 391. California courts have consistently held to the contrary. (E.g., *Karnazes, supra*, 96 Cal.App.5th at p. 280; *In re Marriage of Falcone & Fyke* (2012) 203 Cal.App.4th 964, 1005–1007 (*Falcone*); *Fink v. Shemtov, supra*, 180 Cal.App.4th at pp. 1173–1174; *Garcia v. Lacey, supra*,

231 Cal.App.4th at p. 406; see *John v. Superior Court* (2016) 63 Cal.4th 91, 99–100, fn. 2 (*John*) [disapproving language in *Mahdavi v. Superior Court* (2008) 166 Cal.App.4th 32, 41, "to the extent it could be interpreted as precluding a Court of Appeal from declaring an in propria persona defendant on appeal to be a vexatious litigant under section 391"].) She neither acknowledges the existence of such cases, nor does she persuade us to chart a different course. And so we do not.

## II.

Relying on *John*, *supra*, 63 Cal.4th 91, Kouvabina next argues her appeals do not constitute "litigation" within the meaning of section 391 because they "arose from [her] efforts to defend herself against Veltman's affirmative claims." For various reasons, we disagree.

Kouvabina characterizes *John*, *supra*, 63 Cal.4th at page 99, as holding "appeals from actions in which the proposed appellant is *the defendant* are not 'litigation' within the meaning of the vexatious statute." Not so. *John* instead considered "whether section 391.7's prefiling requirements apply to declared vexatious litigants who are self-represented *defendants* appealing from an adverse judgment in litigation they did not initiate." (*Id.* at p. 93.) We cannot find anything in the Supreme Court's opinion holding a defendant's appeal cannot constitute "litigation" under section 391(b)(1). Kouvabina's assertion otherwise is unfounded.

Nor can we find anything in the text of section 391(b)(1) or in case law — and Kouvabina does not draw our attention to anything — indicating a defendant's appeal does not constitute "litigation" for purposes of section 391(b)(1). That provision defines a vexatious litigant as a "person" who "[i]n the immediately preceding seven-year period has commenced, prosecuted,

6

or maintained in propria persona at least five litigations . . . that have been . . . finally determined adversely to the person." (§ 391(b)(1).) Nothing suggests a defendant's appeal is exempted from this definition. *In re R.H.* (2009) 170 Cal.App.4th 678, 693, reached the same conclusion. In that case, the Court of Appeal determined the appealing defendant was a vexatious litigant under section 391(b)(1) due to his many unsuccessful appeals and writs. (*R.H.*, at p. 693.) Although *John* disapproved *R.H.* "insofar as [it] state[d] or impl[ied] that section 391.7's prefiling requirements apply to all vexatious litigant appellants and writ petitioners" (*John, supra*, 63 Cal.4th at p. 99, fn. 2), *John* explained the "*R.H.* court was correct that it had authority to declare the father a vexatious litigant" and "[s]ection 391 does not prohibit a Court of Appeal from declaring a defendant appellant or writ petitioner to be a vexatious litigant in the first instance during the course of an appeal from litigation the defendant or writ petitioner did not file."[2] (*John*, at p. 99; *Falcone, supra*, 203 Cal.App.4th at pp. 1005–1007 [counting appeals from family law orders where vexatious litigant was the responding party]; see *In re Marriage of Deal* (2020) 45 Cal.App.5th 613, 620–621 [nonplaintiffs can be declared vexatious litigants under § 391].)

---

[2] Kouvabina notes *John* cited section 391, subdivision (b)(3) — which applies when a person, "[i]n any litigation . . . , repeatedly files unmeritorious motions, pleadings, or other papers, . . . or engages in other tactics that are frivolous or solely intended to cause unnecessary delay" — after this latter statement. (*John, supra*, 63 Cal.4th at p. 99.) True, but that doesn't change our view. *John* made clear the *R.H.* court correctly concluded it had the authority to declare the appealing defendant a vexatious litigant (*ibid.*), and *R.H.* did so under section 391(b)(1) (*In re R.H., supra*, 170 Cal.App.4th at p. 693). Moreover, both provisions refer to "litigation," and Kouvabina does not explain why a defendant's appeal would constitute litigation under section 391, subdivision (b)(3) but not subdivision (b)(1).

Even if a defendant's appeal does not constitute "litigation" within the meaning of section 391(b)(1), we conclude Kouvabina's appeals and writs — under the facts presented here — arose out of proceedings as to which she was the "plaintiff." (§ 391, subd. (d) [plaintiff is a "person who commences, institutes or maintains a litigation"].) In case Nos. A162899, A164282, A167447, and A170287, she filed petitions for writs of mandate concerning her repeated motions to disqualify trial court judges. In case No. A165209, she appealed from the court's denial of her motion to modify spousal support. In case No. A168348, she appealed from the court's denial of her request to modify child support. In case No. A168557, she appealed from the court's order concerning her request for attorney's fees. In case No. A167490, she appealed from a statement of decision on a variety of financial issues. The statement of decision and resulting judgment addressed, among other things, her many requested orders. Finally, in case No. A165033, she appealed from a statement of decision concerning the parties' competing requests concerning custody and visitation. Against this backdrop, we reject Kouvabina's assertion that "all of [her] appeals arose from her efforts . . . to defend herself . . . against Veltman's aggressive and unreasonable cross-demands."[3]

Finally, Kouvabina observes that "actions for dissolution of marriage do not neatly fit within the category of 'litigation' for purposes of the vexatious litigant statute" because "a party has no alternative but to initiate a court action in order to obtain a dissolution of marriage." Also, while one party is designated the petitioner, both parties almost always seek "affirmative relief." We agree with these observations but are unsure why they are

---

[3] We note that Kouvabina almost entirely supports her description of what transpired below with citations to her briefing in the unsuccessful appeals and writs, rather than with citations to the record.

8

relevant to the matter at hand.  To the extent she implies the vexatious litigant statutes do not apply — or apply differently — to dissolution matters, we disagree.  The Legislature could have exempted family law matters — as it exempted small claims actions in section 391(b)(1) — but it did not.  To the contrary, Family Code section 210 explicitly provides that the vexatious litigant statutes apply to family law proceedings.  In sum, there is no reason to think the vexatious litigant statutes apply to family law matters with lesser or different force.  (See *In re Marriage of Rifkin & Carty* (2015) 234 Cal.App.4th 1339, 1343–1344, 1348–1349; *Falcone*, *supra*, 203 Cal.App.4th at pp. 1005–1007.)

## III.

Kouvabina contends her many appeals and writs were the result of the trial court's decision to bifurcate issues rather than any vexatious intent on her part.  Of course, it is not unusual in a dissolution to see issues addressed over time and in different orders, many of which can be challenged via writ or appeal.  (E.g., *Falcone*, *supra*, 203 Cal.App.4th at pp. 1005–1007.)  But that has not prevented courts from designating a litigant vexatious due to numerous appeals and writs arising out of the same dissolution.  (*Ibid.*)  Moreover, even if true, her argument misses the point.  Section 391(b)(1) "requires only that five qualifying litigations were finally determined adversely to her within a specific time period.  That standard is satisfied here."  (*Karnazes*, *supra*, 96 Cal.App.5th at pp. 281–282.)  We needn't find "she engaged in tactics that were frivolous or *intended* to cause unnecessary delay" to conclude she meets the definition of a vexatious litigant.  (*Id.* at p. 281, italics added.)  The rationale underlying the statute "is that there is a limit to how many causes of action an individual is likely to accrue."

(*Wolfgram v. Wells Fargo Bank* (1997) 53 Cal.App.4th 43, 49.)  Her nine unsuccessful appeals and writs exceed the legislatively prescribed limit.

## IV.

Kouvabina argues the summary denials of her four writ petitions concerning her efforts to disqualify judges should not count because the denials did not " 'finally' resolve the issue of judicial bias against [her]." Whether she could assert claims of judicial bias on appeal is beside the point. As she concedes, section 170.3, subdivision (d) provides that the "determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate."  When a writ petition is "the *exclusive* means of obtaining appellate review, the Supreme Court [has] explained, 'an appellate court must judge the petition on its procedural and substantive merits, and a summary denial of the petition is necessarily on the merits.' "  (*Fink v. Shemtov*, *supra*, 180 Cal.App.4th at p. 1172; *Leone v. Medical Board* (2000) 22 Cal.4th 660, 670.)  The "summary denial of this type of writ petition is properly considered a final determination of litigation for purposes of qualifying for vexatious litigant status under section 391, subdivision (b)(1)."  (*Fink*, at p. 1173.)

## V.

Kouvabina next contends she is representing herself "against her will due to the insufficiency of the pendente award of attorney's fees and such fees on appeal."  To the extent she is suggesting this means we should not treat her as self-represented for purposes of section 391(b)(1), this argument is forfeited for failure to cite any legal authority or offer legal argument. (*Young v. Fish & Game Com.* (2018) 24 Cal.App.5th 1178, 1190.)  Moreover, the trial court's orders concerning attorney fees were affirmed on appeal. (*Falcone*, *supra*, 203 Cal.App.4th at pp. 1005–1007 [finding wife was a

vexatious litigant under § 391(b)(1) where various appeals were from orders denying her requests for attorney fees].) Whatever the reason, Kouvabina was self-represented when she commenced, prosecuted, or maintained the litigations here.

VI.

Finally, Kouvabina argues that her appeals from orders concerning child and spousal support cannot constitute litigation that was finally determined adversely to her because the trial court "retains jurisdiction to modify its prior support order upon a change of circumstances, and such orders are, therefore, never final." While it is correct that support orders generally remain modifiable (e.g., Fam. Code, § 3651 [except as provided, "a support order may be modified or terminated at any time as the court determines to be necessary"]), Kouvabina offers no legal authority or argument why an appeal from a support order cannot ever be finally determined against a person for purposes of section 391(b)(1). Her appeal from a specific order has been finally determined adversely to her — within the meaning of section 391(b)(1) — once she has lost and all "avenues for direct review (appeal) have been exhausted or the time for appeal has expired." (*Garcia v. Lacey*, *supra*, 231 Cal.App.4th at pp. 406–407 & fn. 5.) That she could — in the future — request a new order modifying support based on a material change in circumstances does not render previously issued orders — or appeals therefrom — nonfinal for purposes of the vexatious litigant statutes.[4]

---

[4] Some of Kouvabina's arguments are not confined to the point in the heading. (*Provost v. Regents of University of California* (2011) 201 Cal.App.4th 1289, 1294; Cal. Rules of Court, rule 8.883(a)(1)(A).) "Although we address the issues raised in the headings, we do not consider

11

## VII.

In conclusion, Kouvabina is a vexatious litigant as that term is defined in section 391(b)(1).  In the "immediately preceding seven-year period," she has — while self-represented — "commenced, prosecuted, or maintained . . . at least five litigations" that have been "finally determined adversely to [her]."  (§ 391(b)(1).)

## DISPOSITION

Elena Kouvabina is hereby declared a vexatious litigant.  (§ 391(b)(1).) Henceforth, she may not file any new litigation in the courts of this state without first obtaining leave of the presiding judge or justice of the court where the litigation is proposed to be filed.  (§ 391.7(a) & subd. (d).) Disobedience of this order may be punished as a contempt of court.  (*Id.*, subd. (a).)  The clerk of this court must provide a copy of this opinion and order to the Judicial Council (*id.*, subd. (f)), and to the presiding judge and clerk of the Superior Court for the County of San Mateo.  No costs are awarded.  (Cal. Rules of Court, rule 8.278(a)(5).)

---

all of the loose and disparate arguments that are not clearly set out in a heading." (*Provost*, at p. 1294.)

_____
RODRÍGUEZ, J.

WE CONCUR:


_____
FUJISAKI, Acting P. J.


_____
PETROU, J.


A171807 & A172215; *In re Marriage of Kouvabina & Veltman*

13

Trial Court: San Mateo County Superior Court

Trial Judge: Hon. Chinhayi C. Cadet

Elena Kouvabina, in pro. per. for Appellant.

Jacob Veltman, in pro. per. for Respondent.